UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICKY ARMENTOR** | * | **CIVIL ACTION NO. 2:12-cv-550** |
| **LA. DOC #384848** | * | |
| | * | **SECTION P** |
| **VS.** | * | |
| | * | **JUDGE MINALDI** |
| **WARDEN, SOUTH LOUISIANA** | * | |
| **CORRECTIONAL CENTER** | * | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Petitioner Ricky Armentor filed the instant petition for writ of *habeas corpus* on March 1, 2012. He is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Pine Prairie Correctional Center in Pine Prairie, Louisiana. Petitioner seeks relief from his 2011 conviction and sentence imposed by the Louisiana Fourteenth Judicial District Court, Calcasieu Parish.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

*Background*

On December 2, 2012, petitioner pled guilty to three counts of simple burglary, seven counts of forgery, and one count of simple burglary of an inhabited dwelling.[1] Doc. 11, Att. 2, p.

---

[1] The various counts were charged as four separate cases but apparently consolidated for the purposes of taking the guilty pleas. Doc. 11, Att. 2.

18.   On March 1, 2011, petitioner was sentence to a total of twenty-five years in the custody of the Louisiana Department of Corrections.  Doc. 11, Att. 2, p. 20.

On an unknown date, petitioner filed a Motion to Reconsider Sentence in which petitioner raised the alleged excessiveness of his sentence.  On November 3, 2011, the state district court denied the motion as untimely.  Doc. 11, Att. 2, p. 1.

Petitioner alleges that he also filed in the state district court a Motion for Concurrent Sentence, Motion for New Trial, and a Motion to Withdraw Guilty Plea.  He avers that the trial court failed to rule on any of these motions.  Doc. 11, pp. 4-6.

There is no evidence that petition has sought relief with the appropriate state appellate court or from the Supreme Court of Louisiana.  Moreover, there is no evidence that petitioner has sought post-conviction relief from the state district court.  *See* Doc. 11.

Petitioner filed a deficient petition for writ of habeas corpus with this court on March 1, 2012, and filed a compliant petition on April 18, 2012.  Docs. 1, 10.  He raises several arguments including the excessiveness of his sentence, ineffective assistance of counsel, the moral-wrong doctrine, breach of contract, violations of his right to due process, and the denial of access to the law library and the court system.

*Law and Analysis*

An application for a writ of habeas corpus "shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State[.]"  28 U.S.C. 2254(b)(1)(A).  This exhaustion doctrine requires a petitioner to present all federal claims to the state court before requesting federal habeas relief.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  State court prisoners must afford "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The federal claims should be presented to state courts "in a procedurally proper manner according to the rules of the state courts." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

The instant petition raises six grounds for relief. However, petitioner has not exhausted the remedies provided by the Louisiana state court system.

The Louisiana Code of Criminal Procedure provides a mechanism for post-conviction relief. *See* La. Code Crim Proc. art. 924 *et seq*. This mechanism provides relief in situations where "[t]he conviction was obtained in violation of the constitution of the United States or the state of Louisiana." La. Code Crim. Proc. art 930.3(1). Moreover, a petitioner has two years in which to seek post-conviction relief "after the judgment of conviction and sentence has become final . . . ." La. Code Crim. Proc. art 930.8(A).

The judgment of conviction against petitioner became final at some time after his sentencing in March of 2011. Thus, his right to seek post-conviction relief would not expire until the corresponding date two years after the date of finality—that is, at some point in 2013. Until such time any *habeas* relief is premature.

Therefore,

**IT IS RECOMMENDED** that the petition for *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** as petitioner has filed to exhaust his state court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 26th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE